**No. 47428.**—Protests 41397–K, etc., of Wm. X. Huber Co. et al. (Los Angeles, etc.).

Opinion by CLINE, J.   Following the authorities cited in Abstract 15400 the court dismissed the protests.

**No. 47429.**—Petitions 6147–R, etc., of Toa Kigyo Corp. (New York).

Opinion by KEEFE, J.   It appeared in this case that during this period there had been a change of prices in Japan and there was a disagreement between the importer and the appraiser as to the value for duty purposes.   After considerable negotiation it was agreed that certain cases be selected as test cases and advances were made thereon by the appraiser.   On appeal to this court it was held that neither the values contended for by the importer nor the appraiser were correct, the court finding the proper value of the fish to be 3 percent lower than that returned by the appraiser, but higher than the entered value.   No appeal was taken from the judgment of the trial court.   From the record the court was of the opinion that there was no intent to defraud the revenue of the United States or to conceal or misrepresent the facts.   The petitions were therefore granted.

**No. 47430.**—Petition 6175–R of New York Merchandise Co., Inc. (Los Angeles).

Opinion by KEEFE, J.   At the trial the appraiser testifying in behalf of the petitioning company stated that the rayon textile tax has been held not to be a part of the market value, and, further, that the petitioning company has always been regarded by him as a very reputable concern and the truth and honesty of its officers had never been questioned, although he has found them careless at times.   A report of the customs agent was received in evidence on behalf of the Government.   It appeared from this report that no inquiry was made of the appraiser before entry was made; that the merchandise was appraised in accordance with the price appearing on the list of minimum prices fixed by the Federation of Japan Pottery Export Association in effect upon the date of exportation; and that the present import manager was of the opinion that the Federation list was on file at the time of entry in the petitioner's Los Angeles branch office.   From the record the court was of the opinion that the importer had no intention of defrauding the revenue or deceiving the appraiser as to the value of his merchandise.   The petition was therefore granted.